IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROSE A. MADRIGEL, | ) | CASE NO. 3:11CV1450 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES G. CARR |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendant. | ) | |

Plaintiff Rose A. Madrigel ("Plaintiff" or "Madrigel") seeks judicial review of the final

decision of Defendant Commissioner of Social Security ("Commissioner") denying her

application for Supplemental Security Income ("SSI") under Title XVI of the Act, 42 U.S.C. §

1381 *et seq.*  Doc. 1.[1]  This matter has been referred to the undersigned Magistrate Judge for a

Report and Recommendation pursuant to Local Rule 72.2(b)(1).  As discussed below, the final

decision of the Commissioner should be **REVERSED and REMANDED** because the

Administrative Law Judge failed to consider the opinion of Madrigel's treating physician**.**

## I.  Background

Madrigel completed high school through the tenth grade and worked as a laundry worker,

a bagger, a pizza maker, a fast food worker, a green house worker, a cashier, a stocker, and a

store manager.  Tr. 142-43.  On January 19, 2005, she filed an application for SSI, alleging a

disability onset date of January 18, 2002.[2]  Tr. 208-10.  Madrigel claimed that she was disabled

due to a combination of impairments, including a stroke, a seizure disorder, epilepsy, asthma,

---

[1] Under Local Rule 7.1(f), memoranda filed in administrative track matters are limited to 20 pages.  The font size of Madrigel's brief on the merits is less than twelve points in size, as evidenced by the small typeface throughout the brief.  In the future, counsel shall use twelve point font when complying with Local Rule 7.1(f).

[2] Madrigel filed previous SSI applications on July 2, 2002 and April 30, 2004.  Tr. 213-215, 217-229.  Both applications were denied and no appeals were taken with regard to those applications.  *Id.;* Doc. 18, p. 1.

migraines, vision and hearing loss, neurogenic syncope, a blood disorder (platelet storage

deficiency), sinusitis, fibromyalgia, right side weakness, back and leg pain, a thyroid condition, a

heart condition, and depression.  Tr. 163, 168, 171-72, 176.  The state agency denied Madrigel's

claims initially and upon reconsideration, and she timely requested a hearing before an

administrative law judge.  Tr. 166-67, 168-70, 171-75, 176-78, 180-84.

On October 12, 2007, a hearing was held before Administrative Law Judge Frederick

McGrath (the "ALJ").  Tr. 876-926.  At the hearing, after the conclusion of testimony,

Madrigel's attorney requested permission to submit additional evidence to the ALJ.  Doc. 18, pp.

1-2, 8; Tr. 927.  The ALJ granted the request and allowed additional evidence to be submitted.

Tr. 927.  Within 30 days after the hearing, Madrigel submitted additional medical records to the

ALJ, including a Residual Functional Capacity ("RFC") Assessment prepared by Kathleen Luce,

D.O., Madrigel's primary care physician.  Doc. 18, p. 8; Tr. 25-29.

On November 19, 2007, the ALJ issued a decision finding that Madrigel was not

disabled.  Tr. 126-44.  Applying the five-step disability analysis set forth in 20 C.F.R. §

404.1520(a)(4), the ALJ found that Madrigel did not engage in substantial gainful activity during

the period at issue; that her seizure disorder constituted a severe impairment, but that she did not

have an impairment or combination of impairments that met or equaled one of the Listed

Impairments in 20 C.F.R. pt. 404, Subpt. P, App. 1; [3] that she retained the RFC to perform

medium and light work with a need to avoid exposure to hazards such as unprotected heights and

dangerous moving machinery and to avoid climbing of ladders, ropes, or scaffolds; that, in the

alternative, she retained an RFC to perform unskilled sedentary work with the same limitations

---

[3]  The Listing of Impairments (commonly referred to as Listing or Listings) is found in 20 C.F.R. pt. 404, Subpt. P, App. 1, and describes impairments for each of the major body systems that the Social Security Administration considers to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience.  20 C.F.R. § 404.1525.

on exposure to hazards and climbing; and that she could perform her past relevant work or, in the alternative, could perform other jobs that exist in significant numbers in the national economy. Tr. 126-144.  In making these determinations, the ALJ did not discuss Dr. Luce's RFC assessment.

On December 4, 2007, Madrigel requested review of the ALJ's decision by the Appeals Council.  Tr. 122.  On June 1, 2010, the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner.  Tr. 117-119.  On June 8, 2010, Madrigel submitted a letter to the Appeals Council requesting that the matter be reopened because it was unclear if the Appeals Council had reviewed the brief submitted by Madrigel.  Tr. 11.  On April 29, 2011, the Appeals Council denied Madrigel's request to reopen the appeal.  Tr. 9.  On May 13, 2011, Madrigel requested that she be given 60 days to file a civil action.  On June 9, 2011, the Appeals Council granted her 30 days to file a civil action.  Tr. 5.

## II.  Arguments of the Parties

Madrigel objects to the ALJ's decision on six grounds.  First, she argues that the case should be remanded pursuant to either sentence four or sentence six of 42 U.S.C. § 405(g) because the ALJ failed to consider the evidence submitted by Madrigel after the administrative hearing, including Dr. Luce's RFC assessment.  Second, Madrigel claims that the Appeals Council erred because it failed to review her brief and because it viewed her June 8, 2010 letter as a request for reopening.  Third, Madrigel contends that the ALJ did not properly analyze her credibility.  Fourth, Madrigel asserts that the ALJ erred because he did not properly consider all of Madrigel's impairments, individually or in combination, as required by agency regulations. Fifth, she argues that the ALJ failed to properly evaluate the opinions of Drs. Smiley and Alhabian.  Sixth, Madrigel alleges that the ALJ's hypothetical to the vocational expert ("VE")

was defective.  Doc. 18, p. 1-2.

In response, the Commissioner argues that the case should not be remanded pursuant to sentence six of 42 U.S.C. § 405(g) because the additional evidence submitted by Madrigel after the hearing is not material.  Second, the Commissioner contends that the Appeals Council properly viewed Madrigel's June 8, 2010 letter as a request for reopening and that this ground does not serve as a basis for remand.  Third, the Commissioner claims that the ALJ properly evaluated Madrigel's credibility.  Fourth, the Commissioner contends that the ALJ properly considered all of Madrigel's medical conditions.  Fifth, the Commissioner maintains that the ALJ properly evaluated the opinions of Madrigel's treating physicians.  Sixth, the Commissioner argues that the ALJ's hypothetical to the VE was proper.  Doc. 20, pp. 5-20.

### III.  Law & Analysis

#### A.      Standard of Review

A reviewing court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record.  42 U.S.C. § 405(g); *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003).  "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Besaw v. Sec'y of Health & Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992).  The Commissioner's findings "as to any fact if supported by substantial evidence shall be conclusive." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006) (citing 42 U.S.C. § 405(g)).  Even if substantial evidence or indeed a preponderance of the evidence supports a claimant's position, a reviewing court cannot overturn "so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc.*

4

*Sec.*, 336 F.3d 469, 477 (6th Cir. 2003).  Accordingly, a court "may not try the case *de novo*, nor

resolve conflicts in evidence, nor decide questions of credibility."  *Garner v. Heckler*, 745 F.2d

383, 387 (6th Cir. 1984).

**B.      Remand is Appropriate in this Case Because the ALJ Failed to Consider the
Opinion of Dr. Luce**

In her first argument, Madrigel asserts that the ALJ's failure to consider the medical

records she submitted after the hearing resulted in a decision that was not based on substantial

evidence.  Doc. 18, pp. 1-2, 8.  Madrigel focuses primarily on the ALJ's failure to consider the

RFC assessment from her primary care physician, Dr. Luce, whom Madrigel saw every month

from 2005 to 2007, and argues that the ALJ's failure to consider this evidence violated the

treating physician rule.  As noted above, at the October 12, 2007 hearing, Madrigel requested

that the record be left open and that she be permitted to submit additional evidence in support of

her claims.  Tr. 927.  The ALJ granted this request and stated:  "Okay.  You may submit some

additional evidence.  If you want to submit anything else with it, you can.  That concludes the

hearing."  Tr. 927.  Madrigel asserts that she submitted the following medical records on three

separate dates after the hearing: (1) October 18, 2007 - medical records from Toledo Hospital

from October 5, 2007 to October 7, 2007 (Tr. 50-74); (2) October 31, 2007 - an RFC assessment

from Dr. Luce dated October 31, 2007 (Tr. 25-28), and (3) November 7, 2007 - medical records

from Total Rehab dated September 17, 2007 to October 29, 2007 (Tr. 32-48).

The first issue is whether Madrigel properly submitted the evidence after the hearing.

Madrigel asserts that she timely faxed the additional evidence to the Office of Hearing &

Appeals on three separate dates; October 18, 2007, October 31, 2007, and November 7, 2007.

Doc. 18, p. 8.  With regard to Dr. Luce's RFC assessment, which is at the heart of her claim,

Madrigel points to a fax confirmation page dated October 31, 2007, from David E. Friedes &

Associates to the Office of Hearing & Appeals, which shows that six pages were successfully transmitted on October 31, 2007.  Tr. 29.  Similarly, the confirmation pages for the submissions on October 18, 2007 and November 7, 2007, both show successful transmissions to the Office of Hearing & Appeals.  Tr. 32, 74.  In response, the Commissioner states that the ALJ may not have actually received the additional evidence submitted by Madrigel.  Doc. 20, p. 8.  In support of this position, the Commissioner cites to the following passage from the ALJ's decision: "The claimant's representative indicated that the October 12, 2007, hospital records would be requested, but as of the date of this decision, these records have not been received."  Tr. 131.  Upon review of the evidence, the Commissioner has not successfully rebutted Madrigel's assertion that the additional medical records were properly submitted.  The ALJ's statement, alone, is insufficient to overcome the evidence submitted by Madrigel establishing that she faxed the additional medical records to the Office of Hearings & Appeals.  The undersigned is therefore persuaded that Madrigel properly submitted the additional medical records.  Thus, the additional medical records, including Dr. Luce's RFC assessment, should be considered as properly filed pre-hearing evidence, not evidence submitted after the record was closed.  *See Hulsey v. Astrue,* 280 F. App'x. 756 (10th Cir. 2008) (remanding case because ALJ failed to consider treating physician's medical source statement that was submitted after the hearing); *Cooper v. Astrue*, No. 10–1694, 2011 WL 240177 (E.D. Pa. Jan. 26, 2011) (reversing and remanding case under sentence four of 42 U.S.C. § 405(g) because ALJ failed to consider claimant's medical records submitted after the hearing, but before the decision was submitted).

Considerations of equity support this conclusion.  The ALJ was on notice of Madrigel's intent to submit additional medical records and held the record open so that Madrigel could

submit the additional records.[4]  This is consistent with the Social Security Administration's

("SSA") own guidelines, which state that a record should be held open post-hearing when

requested by a claimant.  *See* Hearings, Appeals & Litigation Law Manual ("HALLEX"), Vol. I,

§ 2–7–20 ("When a claimant or representative requests time to submit evidence or written

arguments after the hearing, the ALJ must set a time limit for the post-hearing actions to be

completed and inform them that if the material is not received within the time limit, absent a

showing of good cause to extend the time, the ALJ will issue a decision without the material.").[5]

This is also consistent with the ALJ's obligations to ensure that a claimant receives a full and fair

hearing and to fully develop the record.  *See, e.g., Lashley v. Sec'y of Health & Human Servs.,*

*708 F.2d 1048, 1051 (6th Cir.1983)* (noting that the ALJ is responsible for ensuring that each

claimant receives a "full and fair hearing" and for fully developing the record).  Madrigel acted

promptly in providing the additional medical records and should not be penalized because the

ALJ may not have received the records due to reasons beyond Madrigel's control.  Accordingly,

the additional medical records should be considered as properly filed pre-decisional evidence for

purposes of this appeal.

Because the undersigned concludes that the additional medical records were timely

submitted by Madrigel and should be considered as pre-decisional evidence, the ALJ's treatment

of Dr. Luce's opinion was inadequate under the treating physician rule.  Dr. Luce was Madrigel's

primary care physician from 2005 to the date of the administrative hearing.  Tr. 25.  She treated

Madrigel for complaints of sore throat, ear ache, cough, urinary tract infection, backaches,

headaches, palpitations, and wheezing.  Tr. 731-62.  In the RFC assessment she completed for

---

[4] Madrigel alleges that the ALJ stated that the record would be held open for 30 days to allow her to submit additional evidence.  Doc. 18, pp. 1-2.  However, this discussion does not appear in the transcript.  It is therefore unclear for what period of time the ALJ held the record open after the hearing.

[5] The HALLEX can be found at https://www.socialsecurity.gov/OP_Home/hallex/.

Madrigel on October 31, 2007, Dr. Luce opined that Madrigel could not stand or walk for any amount of time during an eight-hour work day; could sit for eight hours; could only occasionally lift or carry up to five pounds; could not use her right hand for simple grasping, pushing and pulling, or fine manipulation; could not use her right foot for repetitive movements as in pushing or pulling of leg controls; and a could not bend, squat, climb, crawl, or work around hazards.  Tr. 25-28.

In his decision, the ALJ provided a comprehensive review of the medical evidence and medical source opinions.  Tr. 130-41.  He even acknowledged that Dr. Luce was Madrigel's primary care physician.  Tr. 139.  However, he did not reference or discuss Dr. Luce's RFC assessment.  Indeed, the ALJ failed to assign any degree of weight to Dr. Luce's opinion or provide any reasons for rejecting or accepting this opinion.  Pursuant to the treating physician rule, the ALJ has an obligation to determine whether a treating physician's opinion is entitled to controlling weight or, if not, whether it is entitled to some lesser weight or none at all.  *See, e.g., Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004); 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2).  If an ALJ decides to give a treating source's opinion less than controlling weight, he must give "good reasons" for doing so that are sufficiently specific to make clear to any subsequent reviewers the weight given to the treating physician's opinion and the reasons for that weight.  *Id.*  In deciding the weight given, the ALJ must consider factors such as the length, nature, and extent of the treatment relationship; specialization of the physician; the supportability of the opinion, and the consistency of the opinion with the record as a whole.  *See* 20 C.F.R. § 416.927(a)-(d); *Bowen v. Comm'r of Soc Sec.*, 478 F.3d 742, 747 (6th Cir. 2007).  An ALJ's failure to identify the reasons for discounting a treating source's opinion and to explain precisely how those reasons affected the weight given to the treating source's opinion signifies a lack of

substantial evidence.  *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399 407 (6th Cir. 2009).  The

goal of this requirement is to facilitate meaningful review.  *See Rogers v. Comm'r of Soc. Sec.,*

*486 F.3d 234, 243 (6th Cir. 2007).*  The ALJ's failure to provide any explanation as to what

weight he gave Dr. Luce's opinion and his failure to give good reasons for disregarding that

opinion are procedural errors that denote a lack of substantial evidence for the ALJ's decision.

The ALJ's decision should therefore be reversed and the case remanded so that the ALJ can

consider Dr. Luce's opinion under the treating physician rule.

   The Commissioner argues that remand is inappropriate under sentence six of 42 U.S.C. §

405(g) because the new evidence submitted by Madrigel is not material.   However, this

argument misses the mark because the evidence submitted by Madrigel should be considered as

properly submitted pre-decisional evidence and, as such, is not new evidence as contemplated in

sentence six of 42 U.S.C. § 405(g).  Under 42 U.S.C. § 405(g), only two types of remand are

permitted: a sentence four remand and a sentence six remand.  *Melkonyan v. Sullivan*, 501 U.S.

89, 98, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991).  In a sentence four remand, the court affirms,

modifies, or reverses the decision of the Commissioner, whether or not it remands the action.  *Id.*

In a sentence six remand, the court "does not affirm, modify, or reverse the Secretary's decision,"

but rather retains jurisdiction and remands either before the Commissioner has filed an Answer

or where "new, material evidence is adduced that was for good cause not presented before the

agency." *Shalala v. Schaefer*, 509 U.S. 292, 297, n. 2, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993).

Under a sentence six remand, the court retains jurisdiction until the ALJ reconsiders the action

and reports to the court. *Tyler v. Fitzsimmons*, et al., 990 F.2d 28, 31 (1st Cir.1993).  As

explained above, the undersigned concludes that Dr. Luce's RFC assessment should be

considered as properly submitted pre-decisional evidence and, as a result, the case should be

remanded under sentence four of 42 U.S.C. § 405(g), not sentence six, because Dr. Luce's

opinion is not new evidence.  The Commissioner's arguments against a remand under sentence

six are therefore unpersuasive.  This case should be reversed and remanded to the Commissioner

under sentence four because the decision of the ALJ is not supported by substantial evidence.

## C.      Other Issues

The undersigned will not address Madrigel's remaining five arguments because, on

remand, the ALJ's evaluation of the opinion of Dr. Luce under the treating physician rule may

affect his RFC and credibility findings, as well as his conclusions under the five steps of the

sequential analysis.  *See Trent v. Astrue*, Case No. 1:09CV2680, 2011 U.S. Dist. LEXIS 23331,

at *19 (declining to address the plaintiff's remaining assertion of error because remand was

already required and, on remand, the ALJ's application of the treating physician rule might

impact his findings under the sequential disability evaluation).

## IV.  Conclusion and Recommendation

For the foregoing reasons, the final decision of the Commissioner denying Plaintiff Rose

A. Madrigel's application for SSI should be REVERSED and the case REMANDED for further

proceedings consistent with this Report and Recommendation.


Dated: August 20, 2012
 

_____
Kathleen B. Burke
United States Magistrate Judge


## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of
Courts within fourteen (14) days after the party objecting has been served with a copy of this
Report and Recommendation.  Failure to file objections within the specified time may waive the
right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir.
1981); s*ee also Thomas v. Arn*, 474 U.S. 140 (1985)*, reh'g denied*, 474 U.S. 1111 (1986).